UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **KIMBERLY STARLING**, *on behalf of herself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>**ECONOMIC TRADING, INC. D/B/A OFFER TAX**<br><br>*Defendant*. | Civil Case No.: 4:24-cv-1135<br><br>**COMPLAINT - CLASS ACTION** |

# INTRODUCTION

1. This action arises out of the marketing practices of Defendant, Economic Trading, Inc. d/b/a Offer Tax ("Defendant" or "Offer Tax") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and provisions of the Texas Business & Commerce Code.

2. Offer Tax makes, or has made on its behalf, prerecorded telemarketing calls soliciting tax services.

3. Accordingly, Ms. Starling brings this action on behalf of herself and classes of similarly situated individuals.

# JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

5. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because it is so closely related to the federal claims that they form a single case or controversy.

6. This Court has jurisdiction over Offer Tax because Offer Tax conducts business

transactions in this District and made calls into this District targeting residents of this District as part of the business it conducts in this District.

7.      Specifically, Offer Tax targeted a resident of this District whose cellular telephone number has an area code (i.e., 817) that is associated with this District – confirming that Defendant *knew* it was calling into this District and targeting residents of this District.

8.      Venue is proper in this District because Defendant targeted a resident of this District and called into this District and because some of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

## PARTIES

9.      Plaintiff Kimberly Starling ("Ms. Starling" or "Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Southlake, Texas.

10.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

12.     Plaintiff is, and at all times mentioned herein was, a "purchaser" as defined by Tex. Bus. & Com. Code § 302.001(3).

13.     Defendant is, and at all times mentioned herein was, a Wyoming corporation headquartered at 12400 Wilshire Blvd #535 Los Angeles, CA 90025.

14.     Defendant may be served via its registered agent, Registered Agents, Inc. located at 30 N. Gould Street, Ste. R, Sheridan, WY 82801.

15.     Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16. Defendant is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

17. Defendant is, and at all times mentioned herein was, a "seller" as defined by Tex. Bus. & Com. Code § 302.001(5).

## TCPA BACKGROUND

18. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

### *Prohibition of Prerecorded or Artificial Voice Calls*

19. Section 227(b) of the TCPA prohibits making *any* call (other than a call made for emergency purposes) to a cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A).

20. A violation of section 227(b) carries statutory damages of $500 to $1,500 per call. *See* 47 U.S.C. § 227(b)(3)(B) and (C).

### *Vicarious Liability*

21. Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding

declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Network, LLC et al. for Declarator Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

22. Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

## FACTUAL ALLEGATIONS

23. Ms. Starling is the user of a cellular telephone number ending in 6140.

24. In August of 2024, Ms. Starling began receiving prerecorded calls soliciting tax services.

25. On October 9, 2024 at 3:12pm, Ms. Starling received a prerecorded call to her cellular telephone number ending in 6140 from telephone number (628) 277-7078.

26. A prerecorded message was left on her voicemail that stated:

> Hello. This is Rob White from the Tax Relief Experts, a nonprofit organization. Our team is available at (213) 315-6896. We've received some details that suggest you may have past due tax balances and we specialize in helping reduce or even erase those. We can also stop any collection efforts. Feel free to call us today before 5:00pm Pacific Standard Time to discuss your options. Once again, our number is (213) 315-6896. If this message doesn't apply to you or you're not interested, that's totally OK. You can call and press 8 to opt-out. Thank you.

27. Numerous consumers have reported receiving the same prerecorded voice call on

popular consumer websites.[1]

28. Tired of the calls, and in an effort to determine the identity of the person or entity responsible for the unwanted and unsolicited prerecorded calls, Ms. Starling called telephone number (628) 277-7078.

29. Ms. Starling was first connected to an IVR system, then a female screener who asked her a few questions before connecting her to Christian Andrews with Offer Tax.

30. Mr. Andrews attempted to solicit Ms. Starling with Offer Tax's services and identified himself as a representative of Offer Tax.

31. Ms. Starling did not provide her consent to receive prerecorded calls from Offer Tax.

32. Offer Tax's records or the records of third parties will reveal all of the calls Offer Tax made, or had made, to Ms. Starling.

33. Defendant's violations were negligent.

34. Alternatively, Defendant's violations were willful and knowing. For example, Defendant knew it was violating the TCPA but continued doing so despite receiving numerous complaints about its unsolicited calling.

35. For example, Defendant has received complaints about its illegal calling campaigns on popular consumer review websites, such as Yelp, as shown below:

---

[1] *See, e.g.,* https://800notes.com/Phone.aspx/1-213-315-6896 (last accessed Nov. 19, 2024); https://directory.youmail.com/phone/716-391-9299 (last accessed Nov. 19, 2024); and https://directory.youmail.com/phone/430-775-7010 (last accessed Nov. 19, 2024).



2

36. Ms. Starling and the classes were damaged by the violations alleged herein. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the unwanted calls. The calls were annoying and a nuisance, and wasted the time of Ms. Starling and the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## DEFENDANT'S LIABILITY

37. Upon information and belief, Defendant uses automated systems to make telephone calls, to hundreds if not thousands of consumers across the U.S.

38. Certain of these calls utilized an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b).

39. For violations of 47 U.S.C. § 227(b), Ms. Starling is entitled to a minimum of $500 per call. *See* 47 U.S.C. § 227(b)(3)(B).

40. Ms. Starling is entitled to $1,500 per call if Offer Tax's actions are found to be

---

[2] https://www.yelp.com/biz/offertax-los-angeles (last accessed Nov. 19, 2024).

knowing or willful. See 47 U.S.C. § 227(b)(3)(C).

41.	Pursuant to § 302.101 of the Texas Business & Commerce Code, a seller is prohibited from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

42.	Defendant violated § 302.101 of the Texas Business & Commerce Code when it engaged in telephone solicitation without obtaining a registration certificate from the Office of the Secretary of State.

43.	Accordingly, for violations of § 302.101 of the Texas Business & Commerce Code, Plaintiff is entitled to an award of no more than $5,000 for each violation pursuant to § 302.302(a) of the Texas Business & Commerce Code.

44.	In addition, pursuant to § 302.302(d) of the Texas Business & Commerce Code, Plaintiff is entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

## CLASS ACTION ALLEGATIONS

45.	Ms. Starling brings this action under Fed. R. Civ. P. 23 on behalf of three "Classes," defined as follows:

> Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called using an artificial or prerecorded voice message for the same purpose Plaintiff was called.
>
> ("Prerecorded Class")
>
> Plaintiff and all residents of the State of Texas to whose telephone number Defendant placed (or had placed on its behalf) a telephone solicitation when Defendant did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.
>
> ("Texas § 302.101 Class")

(The Prerecorded Class and the Texas § 302.101 Class together referred to herein as the "Classes.")

46. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

47. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

48. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and/or third parties maintain written and electronically stored data showing:

    a. The time period(s) during which Defendant made its calls;

    b. The telephone numbers to which Defendant called;

    c. The telephone numbers for which Defendant had prior express written consent;

    d. The purposes of such calls; and

    e. The names and addresses of Class members.

49. The Classes are comprised of hundreds, if not thousands, of individuals.

50. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    a. Whether Defendant (or someone acting on its behalf) makes telemarketing calls;

    b. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

      c.      Whether Defendant or the entity with which it contracts makes prerecorded calls;

      d.      Whether Defendant had the requisite registration certificate as required by Tex. Bus. & Com. Code § 302.101 when making telephone solicitations;

      e.      Whether Defendant's statutory violations were willful and knowing; and

      f.      Whether Defendant should be enjoined from engaging in such conduct in the future.

51.     Plaintiff is a member of the Classes in that Defendant made prerecorded calls to Plaintiff, without her prior express written consent.

52.     Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

53.     Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

54.     Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

55.     Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

56.     Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

57.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

59. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
## Violations of the TCPA, 47 U.S.C. §227(b)
## (On behalf of Plaintiff and the Prerecorded Class)

60. Ms. Starling and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

61. Offer Tax placed, or had placed on its behalf, prerecorded telephone calls to Ms. Starling's and Class Members' telephone numbers without prior express consent.

62. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b).

63. Offer Tax has therefore violated 47 U.S.C. § 227(b).

64. As a result of Offer Tax's unlawful conduct, Ms. Starling and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

65. Ms. Starling and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 277(b)(3).

## SECOND CAUSE OF ACTION
### Violations of Texas § 302.101
### (On Behalf of Plaintiff and the Texas § 302.101 Class)

66. Plaintiff and the proposed Texas § 302.101 Class incorporate the foregoing allegations as if fully set forth herein.

67. Defendant failed to obtain a registration certificate from the Office of the Secretary of State pursuant to violated § 302.101 of the Texas Business and Commerce Code.

68. Defendant placed, or had placed on its behalf, telephone solicitations to Plaintiff's and Texas § 302.101 Class Members' telephone numbers.

69. Defendant's telephone solicitations were made from a location in Texas or to a Plaintiff and Texas § 302.101 Class Members located in Texas.

70. Plaintiff and Texas § 302.101 Class Members are entitled to an award of up to $5000 for each violation and all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,


By:    */s/ Chris R. Miltenberger*
     Chris R. Miltenberger
     Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Max S. Morgan, Esq.
**The Weitz Firm, LLC**
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Max.morgan@theweitzfirm.com

*Attorneys for Plaintiff and the putative class*